# In re Victor Emanuele Society of Pittsburgh.

*Corporations — Incorporated beneficial society — Dissolution — Notice—Election—Requirements.*

A petition for dissolution of an incorporated beneficial society will be refused where it appears that the resolution looking to dissolution was introduced at a meeting, without any notice having been given that such action would be taken; that there was no voting by ballot, no judges of election were appointed, and no attempt made to ascertain whether the persons who voted were entitled to vote.

Nothing will take the place of a strict compliance with the act of assembly in the government of corporations, and particularly in the matter of notice to the members of such vital action as the dissolution of the corporation.

Argued May 1, 1922. Appeal, No. 23, April T., 1922, by Victor Emanuele Society of Pittsburgh, from order of

202 In re VICTOR EMANUELE SOCIETY OF PGH.

C. P. Allegheny County, April T., 1921, No. 2236, refusing application for dissolution, in the case of In re Dissolution of Victor Emanuele Society of Pittsburgh. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Application for dissolution. Before EVANS, J.

The facts are stated in the following opinion filed in the court below:

The president of the Victor Emanuele Society, at the above number and term, presented a petition of that society to this court alleging that the petitioner was an incorporated beneficial society formed for the mutual relief of its members and their respective families in case of sickness, disability or death, and had received a charter from this court at No. 304, July Term, 1900; that at a meeting of the members of said society, duly held on the first day of September, 1918, it was resolved by a majority of the members to apply to the said court for a decree dissolving the said society, and prays that an order of court dissolving the society be granted. An answer was filed to this petition by some sixteen persons, alleging that they were the officers and members of the Victor Emanuele Society, alleging that no such resolution was passed at the meeting as alleged in the petition, and that the constitution of said society provided that the society should not be dissolved until the membership be less than seven.

Testimony was taken on the petition and answer and it appears that there was a provision in what was called the constitution of the society that the society should not be dissolved while there were seven members of the society. A resolution was presented at a meeting of the society as required by the by-laws, and an affirmative vote was taken to amend the constitution so as to permit a dissolution of the society according to the laws of Pennsylvania. At another meeting, regularly called, notice having been given to the members of the presen-

tation of said resolution, a vote was taken to approve the action of the last meeting amending the constitution, and that vote was adopted by a majority of those present. Then a motion authorizing the president of the society to apply to court for a dissolution of the corporation was passed. The first meeting was held on August 4th and the second meeting was held on September 1st.

There was no notice given to the members of the society that any action would be taken at the meeting of September 1st looking to the dissolution of the Victor Emanuele Society.

Several months after the meeting of September 1st application was made by members of the Victor Emanuele Society to the Society of the Sons of Italy in America for membership in that society, and all the members of the Victor Emanuele Society, except one, presented applications to the Society of the Sons of Italy in America for membership. This one member had, at every meeting of the Victor Emanuele Society at which the subject was presented, opposed the dissolution of the Victor Emanuele Society or the joining of the Society of the Sons of Italy in America.

Some fifteen of the members who presented their applications to the Society of the Sons of Italy in America withdrew their applications and never joined the Sons of Italy in America but united in what purported to be a reorganization of the Victor Emanuele Society, and have continued that society up to the present time.

In the case of the dissolution of the Titusville Oil Exchange, 2 Superior Ct. 508, SMITH, J., in delivering the opinion of the court, says:

"Upon a question so vital to the corporation as that of its dissolution, it is not too much to say that the proceedings should be at least as deliberate and orderly and with as full an opportunity for participation by the stockholders as on an election of officers or on the question of an increase or reduction of capital stock or an issue of preferred stock. The most exacting of statutory

provisions relating to such elections are not too much to ask when the existence of the corporation is at stake.

"With respect to the notice, no more may be demanded than is fixed by the Act of April 4, 1872, P. L. 40. But the requirements of that act, 'publication in two papers,' is indefinite as to the period of notice; a literal compliance will permit the election on the day following publication. In the absence of direction on this point, in the Act of 1872, the shortest notice of election for any purpose directed by later statutes reasonably indicates the minimum period with which this omission should be supplied. With respect to the proceedings of the judges, the statutory requirements in relation to other elections apply with equal force to an election to decide a question as important as that of dissolution. With respect to the balloting, it is manifest that it should be so conducted as to give every stockholder an opportunity of voting to ascertain that every one who offers a vote is legally entitled to cast it, to challenge every vote which he may believe to be illegally offered, to see that the votes are fairly counted, and that the record of the election shows accurately the result of the ballot."

There were none of these requirements taken, so far as the minutes show, in adopting the resolution to dissolve this society. There was no notice given; there was no voting by ballot; there were no judges of election; there was no attempt to ascertain whether the persons who voted were entitled to vote. So far as it appears, it was simply a vote by acclamation.

It may be said that practically all of the members of this society acquiesced in the dissolution by joining the Society of the Sons of Italy in America. But that is not the important question in the matter of dissolution. Those who refused to join the society had a right to have the notice given to all the members. The presence of those who received no notice and were not at the meeting might have, not only by their votes but by their influence, changed the result of that balloting. Many of those who

201, (1922).] Opinion of Court below—Opinion of the Court.

subsequently joined the Society of the Sons of Italy in America may have done so because they supposed the proceedings for the dissolution of the Victor Emanuele Society were regular.

Nothing will take the place of a strict compliance with the act of assembly in the government of corporations, and particularly in the matter of notice to the members of such vital action as the dissolution of the corporation.

And now, May 13, 1921, the application for dissolution of the Victor Emanuele Society is refused.

*Error assigned* was the order of the court.

*Edmund K. Trent,* of *Richard & Trent,* for appellant. —It is not necessary to lay down hard and fast rules of procedure for a meeting of stockholders. The aim is to secure a free and full expression of the will of the stockholders: Titusville Oil Exchange's Dissolution, 2 Pa. Superior Ct. 508; 8 Pa. Superior Ct. 304; Com. v. Vandegrift, 232 Pa. 53.

*Frank C. McGirr,* and with him *William M. McNair* and *John E. Laughlin,* for appellee.—Legal dissolution cannot be effected by a resolution to disband, adopted by a portion of the members of a corporation at an irregular meeting, assembled without notice: Bethlehem Boro. v. Perseverance Fire Co., 81 Pa. 445.

PER CURIAM, July 13, 1922:

The opinion of Judge EVANS, of the court below, so satisfactorily disposes of the questions involved in this appeal, that further discussion is rendered unnecessary, and the assignments of error are dismissed.

The judgment is affirmed.